[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Lucie Farrell, formerly known as Lucie Costa, obtained title to property known as 162 Beardsley Parkway, Trumbull, Connecticut on January 17, 1963. She bought the property to use as a day care center and nursery. Shortly after the purchase, Farrell made certain improvements to a driveway adjacent to the property and used it for ingress and egress.
On May 6, 1977, Farrell transferred the property to Edna King and Aimee Gallucci (plaintiffs). They continued to use the driveway, and it has been used for ingress and egress up to the time of this lawsuit.
Plaintiffs claim that they have acquired title to this strip of land (driveway) by adverse possession. In the alternative, they claim they have gained an easement by prescription over the driveway.
Defendants, owners of adjacent property at 88 White Plains Road, claim that Lucy Farrell's use was permissive for the 14 years that she owned the property; therefore, there has not been 15 years of adverse use by anyone to justify adverse possession or a prescriptive easement. Defendants also filed a counterclaim alleging:
1. that plaintiffs slandered their title by filing a lis pendens in connection with this lawsuit; and,
2. trespass.
The elements of adverse possession were defined in Stevens v. Smoker, 84 Conn. 571, 574 (1911):
 ". . . the essential elements of an adverse possession sufficient to create a title to the land in the adverse possessor are that the owner shall be ousted of possession and CT Page 7486 kept out uninterruptedly for a period of fifteen years by an open, visible and exclusive possession by the adverse possessor, without the license or consent of the owner."
See also Roche v. Fairfield, 186 Conn. 490, 498 (1982).
A prescriptive easement may be obtained pursuant to Connecticut General Statutes 47-37, which states:
 When acquired by adverse use. No person may acquire a right of way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years.
A person claiming title by adverse possession must prove that claim by clear and positive proof. The standard is sometimes referred to as clear and convincing proof. Schulz v. Syvertsen, 219 Conn. 81, 91 and 92 (1991).
On the other hand, a person claiming a prescriptive easement need only prove that claim by a fair preponderance of the evidence. Schultz, supra, p. 91 and 92.
The reason for the different standards of proof is apparent. An adverse possessor acquires title to the property. An adverse user acquires only the right to pass and repass which is a lesser property right. Even though the burden of proof is different, the elements of each claim are "virtually identical." Schultz, supra, at p. 92.
I. ADVERSE POSSESSION
The standard of proof for adverse possession has been described as a high one in Wildwood Associates, Ltd. v. Esposito, 211 Conn. 36 (1989). That case goes on to state, at page 42:
 "Clear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the `fact in issue' in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted CT Page 7487 are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." [Internal quotation marks omitted.]
Examining the evidence in light of this standard leaves the court unpersuaded that plaintiffs have carried their burden. Lucie Farrell testified on direct examination that no one gave her permission to use the driveway and that she believed she had a right to use it. However, on cross-examination, Lucie Farrell testified that Tom Minogue, then owner of the adjacent parcel, was a very close friend of hers and she did not recall him giving her permission. This statement is quite different from a flat out assertion that no permission was ever given.
The defense put into evidence an affidavit from Thomas Minogue (now deceased) which stated that he was the sole owner of the adjoining 88 White Plains Road property from December 11, 1969 to June 9, 1970. The affidavit goes on to state that he owned an undivided 50 per cent interest in the property with John P. McGarry from June 9, 1970 to May 27, 1971. The affidavit asserts that Thomas Minogue, with the consent and knowledge of his co-owner McGarry, extended permissive use of the driveway to Lucie Farrell. In addition, John McGarry testified that he gave Thomas Minogue permission to give Lucie Farrell the permissive use once he acquired a 50 per cent interest in the property. Mr. McGarry further testified that he told Thomas Minogue that he wanted Lucie Farrell to understand this was only a permissive use and he wanted to make sure they could get the property back if needed.
Plaintiffs themselves do not have fifteen years continuous use under the claim of adverse possession. They acquired title in 1977 and were notified in 1983 to cease and desist the use. In order to prevail, plaintiffs would have to tack their time onto the period of time Lucie Farrell owned the property to cover a fifteen year period.
Plaintiffs did not prove that Lucie Farrell's use was without permission by clear and convincing evidence. The claim of adverse possession must be denied.
II. PRESCRIPTIVE EASEMENT
The court is satisfied that the plaintiffs have sustained the lesser burden of establishing a prescriptive easement by a fair preponderance of the evidence. The court notes that Connecticut General Statutes 47-38 provides a method CT Page 7488 to the owner of land over which a right of way is claimed to prevent the acquisition of such a right by prescription. That statute states:
 The owner of land over which a right of way or other easement is claimed or used may give notice in writing, to the person claiming or using the privilege, of his intention to dispute the right of way or other easement and to prevent the other party from acquiring the right, and the notice, being served and recorded as provided in sections 47-39 and 47-40, shall be deemed an interruption of the use and shall prevent the acquiring of a right thereto by the continuance of the use for any length of time thereafter.
The fact that the adjoining property owners did not avail themselves of this procedure helps tip the scales in favor of the plaintiffs under the lesser standard of proof to establish a prescriptive easement.
III. ORDERS
Judgment enters in favor of the defendants on the claim of adverse possession.
Judgment enters in favor of the plaintiffs on the claim of a prescriptive easement.
The counterclaim was previously dismissed.
Plaintiffs shall prepare a legal description of the right of way for incorporation into this judgment after court approval.
E. EUGENE SPEAR, JUDGE